ESTATE OF THOMAS H. BLYTHE, DECEASED.

[No. 2,401; decided February 12, 1885.]

Counsel Fees.—The Difficulty and Delicacy of the Court's Duty, in adjusting applications of attorneys for allowance of fees, expressed.

Attorneys—Duty to Submit to Court.—Among the duties of an attorney is that of submission to the court in the exercise of a discretion not abused, without demur or murmur. He is to advise and counsel simply, leaving the court, in its own way, to come to a conclusion.

Counsel Fees.—In the Consideration of Applications for Fees by attorneys appointed by the court, the appointee and applicant should be especially indulgent to the court which has chosen him in its endeavor to properly adjust the rights of the applicant. The duty of submission to the court, stated in the second headnote above, is especially applicable to these attorneys.

Counsel Fees.—Whether an Estate in Probate is Large or Small, whether it may escheat or not, or go to claimants then unknown, the principles of law governing the compensation of an attorney are the same, and should be applied rigorously by the court.

Counsel Fees.—In Fixing Attorneys' Fees There are no Established Rules; the character and circumstances of every case, founded upon general principles of justice, and the reasonable value of a capable attorney's services, must furnish the rule.

Counsel Fees.—In Determining the Compensation of an Attorney it has been the practice, and has become the rule of the court, that expert testimony as to the value of the services will not be considered. The judge will determine the matter for himself.

Administration—Extravagant Costs.—The Impression, Widely Prevalent, of the extravagant cost of administering estates, referred to and the court's position stated.

Attorneys.—The Probate Judge is the Guardian of all Decedents' Estates; but the law contemplates an aid in the selection of a competent attorney to protect the court against spurious claimants, or fraudulent devices or practices of any sort.

Attorneys.—It is the Duty of an Attorney Appointed by the Court in the administration of a decedent's estate, as the legal representative of the heirs, to discover and demonstrate to the court the true heir, and to expose and denounce all pretenders.

This was an application by John C. Burch, who was the appointee of the court to represent absent and other heirs, for an allowance of $1,750 on account of services performed under his appointment. After overruling a demurrer to the petition, the matter was sent to a referee for adjustment, and was reported back for allowance. The referee's ruling was excepted to, and the opinion below was rendered on a review of the report of the referee, Mr. A. H. Loughborough.

John A. Wright, for administrator.

T. I. Bergin, W. H. H. Hart and David McClure (appointee of court), for Florence Blythe.

John C. Burch, in pro. per.

COFFEY, J. The adjustment of attorneys' accounts and applications for compensation is one of the most delicate and difficult incidents of the office of judge, particularly in the probate department, where so many such applications are made. The attorney is naturally anxious for a fee, which is sometimes resisted with vigor, and sometimes there is no one to resist, save the court, in the exercise of what it conceives to be the interest of the estate. In discharging this duty the court is constantly withstood by practitioners who seem to forget, in the pursuit of their private gain, the higher obligations they are under to the law which permits them to practice, and to the court whose officers they are; occasionally an attorney appears who considers (or seems to consider) the court as a convenience for him, and who resents the court's regulation of his fees as an exercise of arbitrary authority. Such attorneys mistake their vocation or its duties; they have rights which the court is always careful to regard; but they have also duties which are the source of those rights,

and which duties the court will endeavor to see are faithfully performed.

Among these duties is that of submitting to the court in the exercise of its discretion, when it is not abused, without demur or murmur; but instead of doing so, they undertake to direct the court, instead of simply advising and counseling it, and then leaving the court, in its own way, without molestation or undue urging, to its time for reflection or deliberation, so that it may come to a correct conclusion free from obstruction or irritation produced by importunity or intercession out of court.

These remarks are peculiarly applicable to petitions for fees by appointed attorneys, who should be especially indulgent to the court which has chosen them to perform important duties; and the remarks are made now and here, because this is an estate of magnitude and many complications, in which the court is apt to be called upon, and has been called upon, to act on applications for large allowances. Whether the estate be large or small, however; whether it may ultimately escheat to the state, or go to some of the present claimants, or to others not yet before the court, the principles of law are the same, and should be applied rigorously by the court. In fixing fees there are no established rules; every case, in its character and circumstances, must furnish its own rule, founded upon general principles of justice and the reasonable value of a capable attorney's services. In arriving at such a rule, experience has taught and courts have declared—this particular probate department repeatedly—that so-called expert testimony is unreliable; and the judge should trust to his own knowledge, experience and judgment in establishing the value of services. The judge here presiding has not (except in two or three earlier instances) called upon experts in such cases, and where in some instances the applicant called in other attorneys to testify, the court has discarded their testimony and substituted its own judgment. It is not necessary to discuss further the reason of this practice; the supreme court has declared it to be correct, and that is the end of the controversy. But the court has so serious a responsibility, that it is bound to de-

cide these questions (as all other questions arising) with the utmost care and deliberation; and even then it is not free from liability to error.

Estates, large or small, complex or simple, should be administered with efficiency and economy; and the impression, too widely prevalent, of the extravagant expenses of administering estates should not be countenanced by the court, nor in any wise encouraged by its conduct. Some of the applications are extraordinary in their amount, and, even when largely reduced by the court, seem excessive; but the court does its utmost to keep the cost of administration within bounds, to do justice to worthy and capable attorneys, and to save all that can be saved to the widows and orphans and absent persons who rely upon the protection afforded to them by the law and the courts. Unpleasant as it may be to contend with counsel in this regard, this court intends to be firm and inflexible in the application of the principles herein suggested.

Now, as to this particular application: The attorney applicant is a practitioner of large experience, of high repute for integrity, and possessing the confidence of the court with regard to his capacity (as is amply evidenced by his selection by the court), and entitled to adequate compensation for his services; but what "adequate" compensation is may constitute matter of difference between him and the court, without reflection upon him. The claim he made here for compensation was referred, with other matters, to the referee, who is also a lawyer of ability, approved integrity and large experience, just and fair in his reasonings and conclusions, and moderate in his estimate of the value of services; and he has undertaken to make, and has made, a thorough examination of the claim, and as a conclusion therein recommended its allowance, approval and payment.

In his report the referee says, that at first it seemed to him that the compensation sought seemed very large, but after mature reflection and careful consideration of all the circumstances, he concludes that it was well earned; the referee further says, in alluding to the appropriateness of the appointment, that this is an extraordinary case; a very large

estate is waiting for the legal heirs, the decedent left no will, his domestic relations are involved in doubt; apart from his vast property he was an obscure man, it is not even known with certainty where he was born, or under what name; his family source is difficult to discover, and of the numerous and conflicting claimants who have appeared and asserted rights to the inheritance, not one is an admitted heir, and the pretensions of each must be scrutinized. As the referee remarks, the judge is the guardian of this estate, but the code contemplates that he shall be aided by a competent attorney to protect the court against spurious claimants or fraudulent devices or practices of any sort, such as are, in every court and in every country, constantly attempted and occasionally consummated. It is the duty of such attorney to expose and denounce the pretender claimant and to discover and demonstrate the true heir. The referee finds that the attorney appointed has discharged his duty, so far, diligently and efficiently, and has rendered all the services mentioned in his petition, and that he is, therefore, entitled to the amount claimed as the reasonable value of his services.

Now, expressly reserving the question of the attorney's right to pay for services rendered in the litigation in another department, and also expressly declaring that any future application for compensation shall not be predicated upon the allowance here made, the court considers that the judgment of the referee, based upon a complete examination of the evidence, and fortified by his own matured experience, ripened knowledge and discriminating intellect, should be respected, and at the same time the court desires counsel distinctly to understand that all applications of this nature will be subjected to rigid scrutiny, and that expert evidence will not be invited, for reasons already set forth with sufficient succinctness. Report confirmed.